# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

JS-6

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:19-cv-07584-SVW-RAO | Date | February 18, 2020 |
| Title | *Juan Garduno v. 4 Gen Logistics, LLC et al* | | |

Present: The Honorable STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** IN CHAMBERS ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [15]

Juan Garduno ("Plaintiff") bring this motion to remand his claims against 4 Gen Logisitcs, LLC, Duncan & Sons Lines, Inc. (together "Defendants"), and Steven Louis Roupoli ("Roupoli"), the truck driver who allegedly crashed into Plaintiff's work trailer. Plaintiff moves for remand on that basis that Roupoli, like Plaintiff, is a California citizen—destroying diversity jurisdiction among the parties. Under 28 U.S.C. § 1332, federal courts have original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States [or] citizens of a State and citizens or subjects of a foreign state." United States federal courts are courts of limited jurisdiction. *Gunn v. Minton*, 568 U.S. 251, 256 (2013). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989)). The proponent of subject-matter jurisdiction must establish its existence by a preponderance of the evidence. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). The removing party always bears the burden of establishing that federal jurisdiction is proper, and removal statutes are construed strictly against removal. *See Zakinov v. Ripple Labs, Inc.*, 369 F.Supp.3d 950, 953 (N.D. Cal. 2019) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

In this case, neither party has been able to locate Roupoli to establish his citizenship, so both parties have submitted evidence of Roupoli's domicile. To establish Roupoli is a California citizen, Plaintiff has provided a copy of Roupoli's expired California driver's license and declaration from Plaintiff of Roupoli's statements at the time of the accident. Without evidence of a new domicile, a

: ⎯⎯⎯⎯

Initials of Preparer

PMC

driver's license may be an indication of domicile (even though it was expired) because it shows that Roupoli was domiciled in California in recent past. Dkt. 15 Exh. A. "[A] person's old domicile is not lost until a new one is acquired." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). Plaintiff also states Roupoli provided him with the driver's license at the scene of the accident, and that Roupoli made no mention of another address or intention to move. Dkt. 15 at 3.

In response, Defendants have presented a declaration from their own private investigator which includes a credit report. The investigator has not located Roupoli in Arizona or California; rather, the credit report lists an Arizona address under a heading called "Possible People Information." Dkt. 31 Exh. 5. The report for the Arizona address is dated September 14, 2018–December 13, 2018. *Id.* There is no address information past December of 2018 submitted by either side. However, unlike a driver's license, an address on a credit report does not necessarily imply domicile—it might simply be a residence. *See Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019) ("We agree that residency is not equivalent to citizenship. A natural person's state citizenship is [ ] determined by her state of domicile, not her state of residence.") (internal quotation marks omitted). Roupoli might have been using that address temporarily while ultimately planning his return to California. "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Indeed, both Florida and Louisiana addresses also show up on the same report (amongst a multitude of others), but Defendants do not allege Roupoli was ever a citizen of either of those states.

Defendants also contend that "[s]ince March 31, 2018, there is no public record or evidence connecting Ruopoli to California, much less establishing his domicile here." Dkt. 31 at 2. However, it is not Plaintiff's burden to prove removal is improper—it is Defendants' burden to prove removal is proper. *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613–14 (9th Cir. 2016). One line among many on an unverified credit report is not enough to establish diversity of citizenship, especially in the face of several pieces of evidence, including a driver's license, asserting Roupoli is a California citizen. In this case, the Court concludes that Defendants have not satisfied their burden in establishing that federal jurisdiction is proper. Defendants' evidence is simply insufficient to relieve the Court's doubts about the propriety of removal in this case. The Court GRANTS Plaintiff's motion to remand.

IT IS SO ORDERED.

: 

Initials of Preparer

PMC